IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, <br> No. R15678, <br><br> Plaintiff, <br><br> vs. <br><br> PAT QUINN, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-00571-MJR <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Marlon L. Watford, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an array of alleged constitutional and statutory violations related to his ability to practice his religion during the period between (roughly) September 2009 and January 2013. Plaintiff prays for compensatory, punitive and nominal damages, as well as injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint and attached supporting memorandum are 227 pages long, and another inch thick attachment of exhibits is included.  Surprisingly, the complaint (Doc. 1, pp. 1-33) does not specifically identify Plaintiff's religion.  The Court gathers from the memorandum and exhibits attached to the complaint that Plaintiff is a Muslim.  That glaring omission from the complaint is indicative of why the complaint must be dismissed.

## Identification of Defendants

The complaint is captioned *Watford v. Quinn, et al*.  Federal Rule of Civil Procedure 10(a) requires that *all* parties be named.  The Court cannot and will not comb through the voluminous complaint and guess who Plaintiff intended to sue.   At this time, there is only one named defendant:  Pat Quinn.

## Defendant Pat Quinn

Relative to Governor Pat Quinn, it is alleged that by enforcing 735 ILCS 5/21-101, the Governor deprived Plaintiff of the right to get his name legally changed.  Plaintiff contends that

the statue effectively bars prisoners with life sentences from legally changing their names, but does not impose a complete ban on prisoners serving other felony sentences. Plaintiff further claims that not being able to change his name violates his religion—his "spiritual obligation" to, before Judgment Day, shed an unrighteous name that has been piled up with sin. Concern over this matter has purportedly aggravated Plaintiff's ulcer and irritable bowl syndrome. (*See* Doc. 1, pp. 8-9; Doc. 1, Book II, Argument Seven, pp. 128-143). Violations of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., are alleged.

The statute specifies that it is the exclusive prerogative of the state circuit courts to grant name changes to individuals in penal institutions. The statute also contains the following caveat:

> [A]ny person convicted of a felony in this State or any other state who has not been pardoned may not file a petition for a name change until 10 years have passed since completion and discharge from his or her sentence. A person who has been convicted of identity theft, aggravated identity theft, felony or misdemeanor criminal sexual abuse when the victim of the offense at the time of its commission is under 18 years of age, felony or misdemeanor sexual exploitation of a child, felony or misdemeanor indecent solicitation of a child, or felony or misdemeanor indecent solicitation of an adult, or any other offense for which a person is required to register under the Sex Offender Registration Act [FN1] in this State or any other state who has not been pardoned shall not be permitted to file a petition for a name change in the courts of Illinois.

735 ILCS 5/21-101.

Governor Quinn is not a proper defendant in his individual capacity or official capacity. Individual capacity suits seek to impose personal liability upon a government official for actions taken under color of state law—focusing on the constitutional torts of the individual official. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Monetary damages are an available remedy for individual capacity claims. *See, e.g., Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). An individual capacity suit requires a showing of personal involvement by the government actor.

*Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). The complaint offers only a bare assertion that Quinn "enforced" the law. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Similarly, RLUIPA does not authorize a suit for money damages against individuals in their individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011). However a RLUIPA claim may be brought against a government official in his official capacity.

Official capacity suits, in contrast, are a way of suing the governmental entity of which the defendant official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Liability stems from the execution of an official policy, practice or custom by a government official. *See, e.g., Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir.2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). However, the Eleventh Amendment precludes an award of monetary damages in an official capacity suit, including punitive damages, leaving declaratory and injunctive relief as possible remedies. *See* 42 U.S.C. § 1981a(b)(1); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

Injunctive relief is sought in the complaint—presumably the ability of Plaintiff to change his name while incarcerated. However, the statute makes clear that it is the exclusive prerogative of the state circuit courts, not the Governor, to grant a name change. As the Supreme Court has explained:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex Parte Young,* 209 U.S. 123, 157 (1908); *see also Entertainment Software Association v. Blagojevich,* 469 F.3d 641, 645 (7th Cir. 2006).  Although the source of an official's authority is not material, a state official cannot be sued for prospective injunctive relief unless he or she has some connection to the enforcement or implementation of the particular law or conduct at issue. *Ex Parte Young,* 209 U.S. 123 at 157; *Fitts v. McGhee,* 172 U.S. 516, 529–30 (1899).  Again, no such connection is pleaded, and the statute indicates that there cannot be any connection with the Governor.

For these reasons, the claims against Governor Pat Quinn will be dismissed without prejudice.  Because no other claims against other defendants have been properly pleaded, the complaint as a whole will also be dismissed without prejudice.

**Pleading Advice**

Unintelligibility and disorganization justify rejecting a complaint.  *See Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).   Plaintiff's complaint is both unintelligible and disorganized.

If Plaintiff elects to file an amended complaint, he should keep in mind the Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief…." Furthermore, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.  Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming the dismissal of a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments,

replete with undefined acronyms and mysterious cross-references).  As a practical matter, as emphasized by the Supreme Court, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.

Relative to the exhibits, they are not clearly identified.  Some are designated with letters, and others are marked with numbers.  Further complicating things, Plaintiff has divided the exhibits to (supposedly) correspond with the three "Books" of his memorandum, which contain numbered arguments.  The numbered arguments in the memorandum in support of the complaint do not correspond in sequence with the claims presented in the complaint itself, which does not number or otherwise identify the various claims presented.

**Exhaustion of Administrative Remedies & the Statute of Limitations**

Much of Plaintiff's complaint and memorandum is concerned with whether Plaintiff exhausted available administrative remedies before filing suit, as required under 42 U.S.C. § 1997e(a).  Plaintiff further links his efforts to exhaust administrative remedies to whether his claims are barred by the applicable statute of limitations.

Exhaustion of administrative remedies and a statute of limitations are affirmative defenses, not a pleading requirements; nevertheless, the Supreme Court has recognized that a plaintiff can still plead himself out of court on such a bases.  *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004).  Thus, Plaintiff's concern and proactive approach may be warranted.  Dismissal by the Court *sua sponte* at the preliminary review stage is warranted when the complaint reveals an airtight defense.  *See*

*Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

The applicable statute of limitations for a Section 1983 constitutional tort claim arising in Illinois is two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). As a general matter, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused. *Clay v. Kuhl*, 727 N.E.2d 217, 220 (Ill. 2000). Because there is no viable complaint before the Court, no further discussion and no advisory opinion will be offered relative to whether Plaintiff has exhausted administrative remedies, and whether the statute of limitations bars any or all of his claims.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against Defendant **PAT QUINN** are **DISMISSED** without prejudice, and the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint on or before **August 4, 2014**. Any amended complaint must contain all claims against all defendants that Plaintiff desires to pursue. The complaint must be self-contained, without reference to the original complaint, memorandum or exhibits. If no amended complaint is filed, the dismissal of the claims against Defendant Quinn will ripen into dismissal with prejudice, and this action will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2014**

                                            s/ *Michael J. Reagan*
                                            **MICHAEL J. REAGAN**
                                            **UNITED STATES DISTRICT JUDGE**